**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. _____**

CITIBANK, N.A.,

                  Plaintiff,

v.

GHOST TATTOO CO LLC, and TYLER
DO,

                  Defendants.

**COMPLAINT**

NOW COMES Plaintiff, Citibank, N.A., by and through its undersigned counsel, and alleges and says as its complaint against the Defendants the following:

1.       Plaintiff, Citibank, N.A. (**Citibank**), is a national banking association chartered by the Comptroller of the Currency, United States Treasury, pursuant to 12 U.S.C. § 21 *et seq.*, and has its registered main office in the State of South Dakota.

2.       Defendant Ghost Tattoo Co LLC (**Ghost Tattoo**) is a company existing by virtue of the laws of the State of Florida, that, upon information and belief, has its principal place of business located in Mecklenburg County, North Carolina.

3.       Defendant Tyler Do (**Do**) is, upon information and belief, a citizen and resident of the State of North Carolina, County of Mecklenburg. Do is the CEO and a Managing Member of Ghost Tattoo.

4.       This court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because the dispute is between citizens of different states, and the amount in controversy exceeds $75,000.

5. Venue is proper in the Western District of North Carolina pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Citibank's claims occurred in this venue.

## FIRST CAUSE OF ACTION
**(Breach of Contract – Ghost Tattoo)**

6. Citibank incorporates all foregoing paragraphs as if set forth fully herein.

7. On August 13, 2025, Do, as managing member of Ghost Tattoo, executed a Commercial Credit Application/Agreement (**Agreement**) to borrow the total original principal amount of One Hundred Thousand Dollars ($100,000). A true and accurate copy of the Agreement is attached hereto as **Exhibit 1** and incorporated herein.

8. On October 8, 2025, Citibank provided a letter to Do and Ghost Tattoo describing the terms and conditions (**Terms Letter**) under which Ghost Tattoo was approved for a loan of $100,000. A true and accurate copy of the Terms Letter is attached hereto as **Exhibit 2** and incorporated herein.

9. Pursuant to the Agreement and the Terms Letter, the loan provided to Ghost Tattoo by Citibank is governed by the laws of the State of New York.

10. Under the Agreement and the Terms Letter, Ghost Tattoo agreed to repay $100,000, plus interest at a variable rate equal to the prime rate as published in the Wall Street Journal, plus a 2.25% interest margin per annum, over a term of between 36 and 84 months.

11. Ghost Tattoo received the total amount of $100,000 in the form of a loan evidenced by the Agreement and conditioned upon the terms set forth in the Terms Letter.

12. Pursuant to the Terms Letter, Ghost Tattoo agreed to pay all costs of collection including, but not limited to, all court costs and attorneys' fees incurred in any action by Citibank.

13. Do and Ghost Tattoo attested to, among other things, that Ghost Tattoo's business, mailing, and physical address was 870 97th Avenue N, Naples, FL 34108.

14. Upon information and belief, Ghost Tattoo does not have a physical address at 870 97th Avenue N, Naples, FL 34108, and did not have a physical address at 870 97th Avenue N, Naples, FL 34108 when it executed the Agreement. Ghost Tattoo, upon information and belief, is physically located at 3216 South Boulevard, Charlotte, NC 28209. Upon information and belief, the only businesses physically located at 870 97th Avenue N, Naples, FL 34108, are "Tabby's Total Pet Care – Luxury Grooming," and "Mari Vesci, P.A."

15. In the Agreement, Ghost Tattoo and Do agreed to and acknowledged, among other things:

> By applying to Citibank for credit: (i) each Applicant, Owner and any Guarantor (as such terms are defined in this Application) affirm that this Application and any supporting documents are accurate and complete; (ii) each Applicant, Owner and Guarantor agree to notify Citibank of any material change in the business or information provided; . . . (v) each Applicant, Owner and Guarantor affirms that the credit will be used for business related purposes and may not be used for personal, family, or household uses[.]
>
> . . . .
>
> If any part of this information should be false or misleading, the information provider(s) will, if Citibank demands, immediately repay any or all debts, both the Applicant's and those guaranteed to Citibank by others.

16. Ghost Tattoo also failed to timely make monthly payments due to Citibank for the amounts borrowed by Ghost Tattoo pursuant to the Agreement and the Terms Letter. Payment is due for December 2025, and the current outstanding principal balance of the loan as of the date of this Complaint is $97,891.33, with a per diem rate of $24.47283 (current interest rate of 9.0%).

17. The Terms and Conditions provided, among other things, that Ghost Tattoo and Do would be in default if:

1. You fail to pay the minimum payment on each billing statement on time, or you otherwise fail to make the proper payment when due, or you fail to pay the annual fee, or otherwise fail to comply with the terms of the Agreement;

5. Any statement, financial or otherwise, you or any guarantor have given to us is false or misleading in any way; [or]

12. In our sole good faith opinion, there is an adverse change in your financial condition, your business operations, or the financial condition of any guarantor.

18. Ghost Tattoo's (**i**) false or misleading representation that its physical business address is 870 97th Avenue N, Naples, FL 34108, and (**ii**) failure to timely repay the loan made by Citibank, constitutes breaches of the Agreement. Ghost Tattoo's failure to timely repay the loan also constitutes an adverse change in its financial condition, constituting a further, separate breach of the Agreement.

19. On January 12, 2026, Citibank provided Ghost Tattoo notice of its default, demanded that Ghost Tattoo cure its default, and accelerated the debt. A copy of the notice is attached as **Exhibit 3**.

20. Ghost Tattoo did not (**i**) provide sufficient proof that its physical business address is located at 870 97th Avenue N, Naples, FL 34108, and (**ii**) cure its default in repayment of the Agreement.

21. Despite demand, Ghost Tattoo has failed or refused to repay all amounts due and owing to Citibank.

22. As the direct and proximate result of Ghost Tattoo's failure to repay all amounts due and owing, Citibank has been damaged in an amount exceeding $97,891.33, including contractual interest at the current rate of 9.0% from the date of default, late fees, costs of collection, and attorneys' fees as permitted by the Agreement.

**SECOND CAUSE OF ACTION**
**(Breach of Contract – Do)**

23. Citibank incorporates all foregoing paragraphs as if set forth fully herein.

24. As a condition precedent to approval of the loan described above, Citibank required Do to provide a complete and unconditional personal guarantee of all amounts borrowed by Ghost Tattoo.

25. To induce Citibank to lend money to Ghost Tattoo, Do represented and warranted that he would personally guarantee all amounts borrowed by Ghost Tattoo.

26. The guarantee provided by Do extends to all principal amounts borrowed by Ghost Tattoo, all accrued interest and late fees, all costs of collection, and all attorneys' fees incurred by Citibank in the collection of the amounts due under the Agreement and the Terms Letter.

27. Citibank provided written notice to Do of the default of Ghost Tattoo and demanded that Do pay all sums due and owing.

28. Citibank provided written notice to Do that all sums due under the Agreement and the Terms Letter were accelerated due to Ghost Tattoo's failure to cure its default and Do's failure to pay all sums due under the guarantee.

29. Despite demand, Do has failed or refused to pay all sums due and owing.

30. As the direct and proximate result of Do's failure to repay all amounts due and owing, Citibank has been damaged in an amount exceeding $97,891.33 including interest at the current rate of 9.0% from the date of default, late fees, all costs of collection, and attorneys' fees as permitted by the Agreement.

## THIRD CAUSE OF ACTION
### (Unjust Enrichment – Ghost Tattoo and Do)

31. Citibank incorporates all foregoing paragraphs as if set forth fully herein.

32. In the alternative to the foregoing causes of action, Citibank alleges and states that it provided the amount of $97,891.33 to Ghost Tattoo with the reasonable expectation that all amounts loaned to Ghost Tattoo would be repaid to Citibank.

33. Ghost Tattoo and Do received the benefit of the amounts paid by Citibank.

34. Ghost Tattoo and Do have failed, or refused, to repay the outstanding amounts to Citibank.

35. Ghost Tattoo and Do have been unjustly enriched by the money loaned by Citibank, at Citibank's expense.

36. As the direct and proximate result of Ghost Tattoo's and Do's failure to repay money provided to them, Citibank has been damaged in an amount in excess of $97,891.33.

37. It is against equity and good conscience to allow Ghost Tattoo and Do to retain the amounts loaned by Citibank when they have breached the Agreement.

## FOURTH CAUSE OF ACTION
### (Attorneys' Fees)

38.     Citibank incorporates all foregoing paragraphs as if set forth fully herein.

39.     The Agreement provides, in part, "You agree to pay on demand all costs and expenses for collection of amounts due on your Account (by legal proceedings or otherwise), including without limitation attorneys' fees and court costs."

40.     Citibank demanded in its January 12, 2026 Notice of Default that Ghost Tattoo and Do pay for Citibank's costs and expenses for collection of amounts due including, among other things, its attorneys' fees. Citibank's attorneys' fees as of the date of this Complaint are $6,773.20, and continue to accumulate.

41.     Attorneys' fees are recoverable under New York law where allowed by contract or statute.

42.     Citibank is entitled to recover its attorneys' fees based on the express language of the Agreement.

WHEREFORE, Plaintiff Citibank, N.A. respectfully prays the Court as follows:

1.      That Citibank, N.A., have and recover damages from Defendant Ghost Tattoo Co LLC in the principal amount of $97,891.33 plus contractual interest at the current rate of 9.0% from the date of default, post-judgment statutory interest of 9.0%, late fees, costs of collection, and attorneys' fees for breach of contract;

2.      That Citibank, N.A., have and recover damages from Defendant Tyler Do the principal amount of $97,891.33 plus contractual interest at the current rate of 9.0% from the date of default, post-judgment statutory interest of 9.0%, late fees, costs of collection, and attorneys' fees for breach of the guarantee;

3. Alternatively, that Citibank, N.A., have and recover damages from Defendants Ghost Tattoo Co LLC and Tyler Do jointly and severally damages in excess of the principal $97,891.33 amount for unjust enrichment;

4. That the costs of this action be taxed against the Defendants Ghost Tattoo Co LLC and Tyler Do; and

5. For such other and further relief as the Court may deem just and proper.

Dated: April 17, 2026

/s/ *Amy Errichiello*
Amy Errichiello, NC Bar No. 61190
Akerman LLP
Attorneys for Plaintiff Citibank, N.A.
101 South Tryon Street, Suite 1910
Charlotte, NC  28280
Telephone: 336.296.7126
E-mail: amy.errichiello@akerman.com